

Office of the New York State
Attorney General

Letitia James
Attorney General

January 2, 2026

The Honorable Judge Nusrat J. Choudhury
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

    Re:   **<u>Shinnecock Indian Nation v. Hochul et al.</u>**
           Civil Action No.: 2:25-cv-7034-NJC-JMW

Dear Judge Choudhury:

    I represent Defendants in the above-captioned proceeding. I write with respect to the Court's electronic order dated December 31, 2025, which states that the deadline for the Defendants' opposition to the preliminary injunction motion and brief in support of their motion to dismiss is due on January 21, 2026. At the December 30, 2025 conference, the parties and the Court agreed that the deadline for such submissions is January 28, 2026. *See* attached December 20, 2025 Transcript pp. 146- 148. I have conferred with counsel for Plaintiffs, John F. Byrnes, Esq., and he has no objection to this request. Accordingly, it is respectfully requested that the Court modify its order to reflect the January 28, 2026 deadline.

    Thank you for your courtesies.

                                                Respectfully submitted,

                                                *Christopher M. Gatto*
                                                Christopher M. Gatto
                                                Assistant Attorney General

CC:    All counsel of record
        (*Via ECF*)

144

1  MR. BYRNES: No, it doesn't.

2  It affords time for a responsive submission on
3  the 14th, which I assume is going to encompass the
4  arguments that would be made in a motion to dismiss, but I
5  would defer to counsel for the state as to his
6  anticipated -- when he anticipated filing that motion to
7  dismiss. But right now we haven't included a briefing
8  schedule for that motion.

9  THE COURT: Okay.

10  Mr. Gatto.

11  MR. GATTO: The schedule we discussed was just
12  for supplemental briefings on the temporary restraining
13  order.

14  If plaintiff is going to be converting the
15  motion for a temporary restraining order to a preliminary
16  injunction motion, and we are going to be doing combined
17  motion for motion to dismiss, we would ask for additional
18  time for that. Could we get until Wednesday, the 28th,
19  for --

20  THE COURT: So I understand that a motion for
21  TRO is different than a motion for a PI.

22  I'm going to actually let the parties meet and
23  confer because I always want the parties to see if they
24  can come up with a negotiated briefing schedule. As I
25  said, I'm happy for the plaintiffs to pursue a TRO or a

PAUL J. LOMBARDI, CERTIFIED REALTIME REPORTER
Official Court Reporter

144

1  MR. BYRNES: No, it doesn't.

2  It affords time for a responsive submission on
3  the 14th, which I assume is going to encompass the
4  arguments that would be made in a motion to dismiss, but I
5  would defer to counsel for the state as to his
6  anticipated -- when he anticipated filing that motion to
7  dismiss. But right now we haven't included a briefing
8  schedule for that motion.

9  THE COURT: Okay.

10  Mr. Gatto.

11  MR. GATTO: The schedule we discussed was just
12  for supplemental briefings on the temporary restraining
13  order.

14  If plaintiff is going to be converting the
15  motion for a temporary restraining order to a preliminary
16  injunction motion, and we are going to be doing combined
17  motion for motion to dismiss, we would ask for additional
18  time for that. Could we get until Wednesday, the 28th,
19  for --

20  THE COURT: So I understand that a motion for
21  TRO is different than a motion for a PI.

22  I'm going to actually let the parties meet and
23  confer because I always want the parties to see if they
24  can come up with a negotiated briefing schedule. As I
25  said, I'm happy for the plaintiffs to pursue a TRO or a

PAUL J. LOMBARDI, CERTIFIED REALTIME REPORTER
Official Court Reporter

1  PI, whatever you are looking for. A TRO only lasts 14
2  days and there is case law restricting a court's ability
3  to renew a temporary restraining order, for example. So I
4  understand Mr. Gatto is saying he hadn't initially thought
5  that his response by January 14th would also be a full
6  motion to dismiss.
7       I do want the parties to discuss this a little
8  bit further. I'm happy to give you some more time. I
9  have no problem leaving and coming back. Why don't you
10 take another ten minutes and I'll be back in a little bit.
11      MR. BYRNES: Thank you, Your Honor.
12      THE COURT: Actually, counsel, my apology.
13      I also wanted to make sure you are aware of some
14 additional things I wanted the submissions to address.
15 Counsel for the defense provided me today the two court
16 orders. I would just like that to be submitted as part of
17 a declaration by either side so I have those orders.
18      And I would like the transcript of the
19 conference that the plaintiffs and defendants were
20 referring to. I'd like that as early as possible in
21 whichever side goes first with their submissions. I also
22 would like the case law on the exception to the
23 Anti-Injunction Act presented by 28 United States Code,
24 1362. I understand that you have addressed this in the
25 brief in support of the TRO motion. Any further authority

1  on that point that you wish to provide I'd be happy to
2  look at. I also heard the fact here in open court that
3  the Nation's annual income is $2 million and that the loss
4  of revenue from the billboards would amount to a 45
5  percent reduction of the annual revenue. That should be
6  in a factual submission as well.
7          That's it. I wanted to make sure I did not
8  forget to say those things.
9          MR. BYRNES: Thank you, Your Honor.
10         (Recess.)
11         THE COURT: Thank you, everyone. Please be
12 seated.
13         What have the parties determined?
14         MR. BYRNES: Yes, Your Honor. Thank you for the
15 court's patience as we set the schedule.
16         We are going to be filing an initial submission
17 addressing Your Honor's questions by January 7th, and the
18 state will be filing its cross-motion to dismiss and
19 making whatever opposition it would make to the PI
20 application by the 28th, and we would be filing a reply
21 and opposition to that motion to dismiss by February 4th,
22 a week thereafter.
23         And we would be requesting a hearing as soon as
24 the court's able to consider the application and has time
25 to hear the arguments.

1  THE COURT: Are the parties requesting an
2  evidentiary hearing on the preliminary injunction motion
3  or do you anticipate that the facts will be addressed
4  through written affidavits and declarations?
5  MR. BYRNES: I think the facts will be addressed
6  in written affidavits.
7  I think if we answer Your Honor's questions
8  concerning irreparable harm, and the facts supporting
9  that, I think everything will be addressed in the
10 affidavits we are submitting.
11 THE COURT: Are the defendants going to get a
12 reply to their motion to dismiss?
13 MR. BYRNES: We didn't brief one in because we
14 had been treating it as a cross-motion to the PI.
15 THE COURT: Normally what happens is, with what
16 you are outlining, your preliminary injunction motion
17 would be filed on January 7th, which would include any
18 supplemental briefing you want to provide. You can
19 incorporate by reference your TRO motion but you do need
20 to have a motion requesting a preliminary injunction.
21 I believe that your notice of motion right
22 now -- oh, no. You have a notice of motion
23 for preliminary -- well, you call it a preliminary
24 restraining order and temporary restraining order. Am I
25 to understand that to be a preliminary injunction and

1  temporary restraining order?
2      MR. BYRNES: Yes, Your Honor.
3      THE COURT: Got it.
4      So you have a notice of motion. So you will
5  provide your supplemental submissions, including any
6  briefing and factual submissions by January 7th. The
7  state would file a motion to dismiss and combined
8  opposition to the PI by January 28th. Plaintiff would
9  file a reply on the PI motion in opposition to the motion
10 to dismiss by February 4th, and the defendants would get a
11 reply to their motion to dismiss.
12     Mr. Gatto, would one week suffice?
13     MR. GATTO: Yes, one week is fine. Thanks.
14     THE COURT: One week. Okay.
15     So that takes us to February 11th.
16     MR. GATTO: I'm just looking at my calendar as
17 well, Your Honor.
18     THE COURT: Okay.
19     MR. GATTO: Would it be possible to get to that
20 Friday, the 13th, for the reply?
21     THE COURT: I'm going to ask the parties to meet
22 and confer on that, then.
23     Take your time.
24     (There was a pause in the proceedings.)
25     MR. GATTO: February 11th is fine, Your Honor.


149

1         THE COURT: Okay.

2         February 11th for the reply and the parties will
3 let me know, you will meet and confer and you will
4 determine whether there needs to be an evidentiary hearing
5 in addition to any written submissions. I understand you
6 haven't provided the written submissions yet, but should
7 you decide there needs to be witness testimony you will
8 submit proposed witness lists in a joint submission to
9 show that you have met and conferred on any witnesses,
10 et cetera, and it may be that there is no need for an
11 actual hearing. But I always require the parties to meet
12 and confer on that issue.

13         Anything further that we need to address today?

14         MR. BYRNES: I have one housekeeping issue, Your
15 Honor.

16         I wasn't able to bring my electronic devices
17 with me. I'm admitted pro hac. It's my understanding --

18         THE COURT: Was your motion ruled on by Judge
19 Wicks, who's our assigned magistrate judge?

20         MR. BYRNES: It was, and I did present the Pacer
21 docket entry to the clerk but I was told I need an order
22 from Your Honor to permit me to bring devices into the
23 courthouse.

24         So I want to make that application and I'm happy
25 to submit whatever I need to submit.

PAUL J. LOMBARDI, CERTIFIED REALTIME REPORTER
Official Court Reporter

1     THE COURT: That's fine. Submit a proposed
2  order. I'm happy to so order it.
3     MR. BYRNES: Thank you, Your Honor.
4     THE COURT: Anything further?
5     MR. BYRNES: Not from plaintiffs, Your Honor.
6     THE COURT: Mr. Gatto?
7     MR. GATTO: No, Your Honor.
8     THE COURT: I understand what this means is that
9  I have not ruled on the motion for a temporary restraining
10 order.
11    Should there be a need for the plaintiffs to
12 reassert that request for temporary relief you will let me
13 know, but I'm not going to rule on it at this time. We
14 are proceeding on a preliminary injunction timeline. When
15 I rule on the -- well, essentially does this mean that --
16 this is what I'm going to do. I am going to deny the
17 temporary restraining order without prejudice and subject
18 to renewal, should the plaintiffs seek preliminary relief
19 before the conclusion and resolution of the preliminary
20 injunction motion, the schedule of which I have so ordered
21 today.
22    You have the filings on the docket. If the
23 plaintiffs need to reassert the temporary restraining
24 order motion you can do that and provide any supplemental
25 letters of that sort that you wish to do. At this point I

1  don't see that the state court has issued any contempt
2  findings against the tribal officials who are defendants
3  in that action.  Should that change, you will let me know.
4  That's how we are going to proceed.
5      So I'm denying without prejudice the temporary
6  restraining order motion and we are proceeding so that I
7  can resolve the preliminary injunction motion and the
8  motion to dismiss on an expedited schedule, because I do
9  believe that the parties in this case need an expeditious
10 resolution to this dispute.  It is a time sensitive
11 dispute and it is an important dispute.  You have heard my
12 concerns about jurisdiction and Younger.  I believe I have
13 jurisdiction.  I also want to make a hundred percent sure.
14 So both sides will let net know if I got anything wrong
15 and to the extent any part of Younger applies you will
16 also give me your authority on both sides.
17      Mr. Byrnes, you mentioned a Second Circuit
18 decision that you didn't have immediate recall, which is
19 fine.  But you will make sure that the Second Circuit
20 decision that you were referencing on Younger abstention,
21 that you believe is fairly recent and applies to this
22 situation, that you will cite that and note that for me in
23 your submission.
24      MR. BYRNES:  Absolutely, Your Honor.
25      THE COURT:  Thank you, all, so much.

1     I appreciate your time and attention to the
2  serious issues raised in the case.
3          MR. BYRNES:  Thank you, Your Honor.
4          MR. GATTO:  Thank you.
5          (The matter concluded.)