```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

SHINNECOCK INDIAN TRIBE, *a federally recognized Indian Tribe*,

        *Plaintiff*,

    -against-

KATHLEEN C. HOCHUL, *in her official capacity as Governor of New York*, LETITIA A. JAMES, *in her official capacity as New York State Attorney General*, MARIE THERESE DOMINGUEZ, *in her official capacity as Commissioner of the New York State Department of Transportation*, and HONORABLE MAUREEN T. LICCIONE, *in her official capacity as Justice of the Supreme Court of the State of New York, Suffolk County*,

        *Defendants*.

```
-----------------------------------------------------------------X
```

FILED
CLERK

2/3/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**

25-cv-07034 (NJC) (JMW)

**WICKS,** Magistrate Judge:

    Before the Court is Plaintiff Shinnecock Indian Nation ("Plaintiff") and Kathleen C. Hochul, Letitia A. James, and Marie Therese Dominguez's (collectively, "Defendants") joint application for a stay of discovery (ECF No. 25) pending a decision on Defendants' anticipated motion to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim. Though both parties seek a stay, the Court must independently determine whether a stay is warranted consistent with Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." For the reasons set forth below, the Court concludes a stay is warranted under the circumstances and therefore the motion (ECF No. 25) is **GRANTED**.

1

## BACKGROUND

Plaintiff, a federally recognized tribe since 2010, commenced this action seeking to enjoin New York State officials from continuing their alleged violations of federal law protecting Plaintiff's parcel of restricted fee lands known as "Westwoods"—the parcel of Plaintiff's land subject to this dispute and located in Hampton Bays within the Town of Southampton. (ECF No. 22 at ¶¶ 1, 31, 92.) Plaintiff further seeks to bring into compliance with federal law Defendants ongoing public use of an illegal easement from 1959 on which a portion of Sunrise Highway in New York runs over and across Plaintiff's Westwoods property. (*See id.* at ¶ 1.) According to Plaintiff, on July 22, 1959, New York State Department of Transportation's predecessor acquired a permanent easement from Plaintiff for purposes of constructing, reconstructing, and maintaining a highway over Westwoods. (*Id.* at ¶¶ 49, 52.) The easement, according to Plaintiff, was not signed by a representative of the United States and contains no reference to the United States. (*Id.* at ¶ 53.)

Notably, Plaintiff maintains that Defendants continued operation of Sunrise Highway through Plaintiff's federally-protected restricted fee lands at Westwoods "without a valid right-of-way/easement approved by appropriate federal officials" violates the Non-Intercourse Act—the federal law protecting Plaintiff's restricted fee lands against alienation. (*Id.* at ¶ 3.) Plaintiff requests that the Court order Defendants to "obtain a valid right-of-way for the portion of [Plaintiff's] Westwoods property on which Sunrise Highway is situated" and "enjoin state-court proceedings" in the Suffolk County State Court.[1] (*Id.* at ¶¶ 6-7, 147, 154.) In the state court proceeding, the New York State Department of Transportation and Defendant Dominguez seek to enjoin the construction, operation, maintenance, and removal of a monument sign on Plaintiff's

---

[1] *See Commissioner of the New York State Department of Transportation et al. v. Goree et al.*, No. 610010/2019 (Sup. Ct. Suffolk Cnty. 2019)

lands at Westwoods within the purported 1959 easement. (*Id.* at ¶¶ 7, 105.) In effect, Plaintiff seeks to enjoin these state proceedings on the ground that the state litigation amounts to an ongoing violation of federal law because Defendants obtained their easement for Sunrise Highway across the Westwoods in violation of the Non-Intercourse Act. (*See id.* at ¶¶ 7, 115-116.)

## LEGAL STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-cv-05184 (GRB) (JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)) (citation omitted). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Gagliano v. United States*, No. 24-cv-07930 (SJB) (JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (citing *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006)). Rather, "[u]nder Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Alloway v. Bowlero Corp.*, No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Brinkmann v. Town of Southold, New York*, No. 21-cv-

02468 (LDH) (JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022) (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Vida Press v. Dotcom Liquidators, Ltd.*, 22-cv-2044 (HG) (JMW), 2022 WL 17128638, at *1 (E.D.N.Y. Nov. 22, 2022). It is against this backdrop that the Court considers the present application.

## DISCUSSION

### A. Whether Defendants Have Made a Strong Showing That Plaintiff's Claims are Unmeritorious[2]

i. *Federal Rule of Civil Procedure 12(b)(1)*

Defendants intend to move for dismissal "on jurisdictional grounds," the first being pursuant to the doctrine of abstention recognized in *Younger v. Harris*, 401 U.S. 37 (1971). (*See* ECF No. 25 at p. 2.) Pursuant to the *Younger* doctrine, "district courts should abstain from exercising jurisdiction only in three exceptional circumstances" involving: "(1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (internal citation and quotation marks omitted); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013). "Relevant here, under *Younger*, 'federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments . . . .'" *Leonardo v. Wells Fargo Bank, N.A.*, No. 21-CV-04949 (OEM) (JMW), 2024

---

[2] In considering the present motion, the Court is basing the analysis solely upon the arguments in the pre-motion letters which is not intended to prejudge the motion to dismiss in any way which will be briefed before, considered and ruled upon by the Hon. Nusrat J. Choudhury.

WL 4485608, at *16 (E.D.N.Y. Aug. 1, 2024), *report and recommendation adopted*, 2024 WL 4344849 (E.D.N.Y. Sept. 30, 2024) (quoting *Cavanaugh v. Geballe*, 28 F.4th 428, 434 (2d Cir. 2022)).

Here, Plaintiff's action at bar specifically seeks "to enjoin state-court proceedings in the Supreme Court [of Suffolk County]" involving the operation of advertising display signs on each side of Sunrise Highway at Plaintiff's Westwoods property. (ECF No. 22 at ¶ 7.) "When a plaintiff 'seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,]' *Younger* abstention applies." *Brown v. RXR Soyo Exalta, LLC (Sawyer Place)*, No. 24-CV-4250 (LTS), 2024 WL 3316011, at *2 n.2 (S.D.N.Y. June 10, 2024) (quoting *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015)). Because Plaintiff seeks to order a sitting state-court judge to refrain from taking action in her own litigation relating to the Westwoods property that is also subject to this federal litigation, it appears that the *Younger* abstention doctrine would apply. *See Clark v. Bloomberg*, No. 10-CV-1263 (JG), 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (holding that *Younger* abstention doctrine precludes federal district court from staying the pending state-court proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court").

Defendants further intend to move for dismissal on grounds that "the Non-Intercourse Act and federal preemption claims should not be before the federal court as they are defenses to the State court litigation that happen to be grounded in federal law." (ECF No. 25 at p. 2.) Indeed, Plaintiff, in its Amended Complaint, alleges that this Court has "federal question jurisdiction

5

because the Complaint alleges ongoing violations of the Nation's rights and the legal status of Westwoods pursuant to federal law . . . ." (ECF No. 22 at ¶ 15.)

The Second Circuit, in *New York v. Shinnecock Indian Nation*, addressed this very issue and concluded that federal subject matter jurisdiction was lacking because the complaint only alleged violations of State law and that the Shinnecock Nation's tribal immunity defense did not create a federal question. *See* 686 F.3d 133, 141 (2d Cir. 2012). In reaching this conclusion, the court compared examples where "federal issues related to Indian land [arose] defensively" and thus did "not support finding federal question jurisdiction," to instances where the complaint "assert[s] a *current right* to possession *conferred* by federal law, wholly independent from state law." *Id.* (emphasis added) (citing *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661 (1974)).

The Second Circuit's decision, however, pre-dates the recognition of Westwoods as part of the Nation's aboriginal territory. Indeed, in January of 2025, the Department of Interior ("DOI") "notified the Nation that the Nation's Westwoods property 'is and always has been restricted fee land held by the Nation'" and is thus "'within the purview of the Nonintercourse Act . . . .'" (ECF No. 22 at ¶¶ 46, 117.) Indeed, on January 2, 2025, Assistant Secretary of the DOI for Indian Affairs signed a letter to the Shinnecock Nation stating, in relevant part, that:

> The Department examined the land title status of the Westwoods parcel and determined that it is *within the Nation's aboriginal territory*, that the Nation has resided *within its aboriginal territory since time immemorial and has never removed therefrom*, and that Westwoods is within the purview of the Nonintercourse Act and is therefore restricted against alienation absent consent of the United States. This land is and has always been restricted fee land held by the Nation and is now recorded to reflect such status.

(*Id.* at ¶ 93) (emphasis added).

Importantly, Circuit Judge Hall's dissent in *Shinnecock Indian Nation* echoes, that "[w]hether the tribe holds aboriginal title to Westwoods is 'an important issue of federal law that sensibly belongs in federal court.'" 686 F.3d at 146 (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 315 (2005)). In addition, "[t]he issue of aboriginal title and therefore the propriety of state and local regulation over that land 'appears to be the only legal or factual issue contested in the case,'" and thus belongs in a federal forum. *Id.* While the caselaw following this recent recognition by the DOI of Westwoods as being within the Nation's "aboriginal territory" is scarce, Judge Choudhury has provided the parties an opportunity to submit briefing on the Court's jurisdiction and the availability of a private right of action for the Non-Intercourse Act which is to be completed by February 18, 2026. (*See* Electronic Orders dated December 31, 2025 and January 6, 2026.)

  ii. <u>*Federal Rule of Civil Procedure 12(b)(6)*</u>

Defendants also intend to move to dismiss under Rule 12(b)(6) for failure to state a claim for a violation of the Non-Intercourse Act. (*See* ECF No. 25 at pp. 2-3.) The Non-Intercourse Act provides in relevant part that:

> No purchase, grant, lease, or other conveyance of lands, or of any title or claim thereto, from any Indian nation or tribe of Indians, shall be of any validity in law or equity, unless the same be made by treaty or convention entered into pursuant to the Constitution . . . under the authority of the United States.

*Canadian St. Regis Band of Mohawk Indians v. New York*, 146 F. Supp. 2d 170, 185 (N.D.N.Y. 2001) (citing 25 U.S.C. § 177).

"This Act prohibited the sale by Indians of any land unless the sale was by public treaty made under the authority of the United States." *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 56 (2d Cir. 1994). To establish a violation of the Non-Intercourse Act, a plaintiff must "establish that (1) they are an Indian tribe; (2) the land at issue was tribal land at

the time of the conveyance; (3) the United States never approved the conveyance; and (4) the trust relationship between the United States at the tribe has not been terminated." *Seneca Nation of Indians v. New York*, 382 F.3d 245, 258 (2d Cir. 2004) (citation omitted).

Here, it appears that Plaintiff has stated a claim under 12(b)(6). Plaintiff maintains that the Nation is a recognized Indian Tribe under New York State law (ECF No. 22 at ¶ 9), the United States never approved the conveyance (ECF No. 22 at ¶ 127), and the trust relationship between Plaintiff and the United States has not been terminated (ECF No. 22 at ¶ 28.) In addition, as noted above, the DOI in January of 2025 "notified the Nation that the Nation's Westwoods property 'is and always has been restricted fee land held by the Nation'" and is thus "'within the purview of the Nonintercourse Act . . . .'" (*Id.* at ¶ 46.) Specifically, "[the] land is and has always been restricted fee land held by the Nation and is now recorded to reflect such status." (*Id.* at ¶ 93) (emphasis in original). Accordingly, at this juncture, it appears that Plaintiff's claim under the Non-Intercourse Act has merit.

B. **Breadth of Discovery and the Corresponding Burdens**

The potential scope of discovery weighs in favor of granting a stay of discovery. The breadth of discovery in this action would be comprised of "voluminous colonial era documents" and information relevant to an easement from 1959. (*See* ECF No. 25 at p. 3); *see also Greenidge v. Suffolk County Police Department*, No. 25-cv-03604 (SJB) (JMW), 2025 WL 2645549, at *3 (E.D.N.Y. Sept. 15, 2025) (finding "paper-intensive document production" dating back over several years to amount to a sufficient burden to warrant a stay of discovery). Furthermore, where, like here, Defendants seek to dismiss the entirety of the Amended Complaint, a stay is appropriate. *See Mineo v. Town of Hempstead*, No. 22-CV-04092 (JMA) (JMW), 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023) (noting, where defendants' motion to

dismiss sought to "dismiss of the entire complaint," that it would be "most prudent" to avoid the costly expenses of discovery conducted in the interim before the motion is decided).

Therefore, the reach of discovery coupled with the corresponding burden that would be placed upon Defendants counsels in favor of granting the stay "because the parties could not only avoid substantial hardship but also prevent a waste of precious resources ... pending the outcome of the motion to dismiss." *Alloway v. Bowlero*, No. 24-CV-04738 (SJB) (JMW), 2024 WL 4827752, at *6 (E.D.N.Y. Nov. 18, 2024); *see Romain v. Webster Bank N.A.*, No. 23-cv-05956 (NRM) (JMW), 2024 WL 3303057, at *5 (E.D.N.Y. July 2, 2024) ("[D]iscovery should be stayed given that all discovery would be for naught if the Complaint is dismissed in its entirety by Judge Morrison as requested."); *see also Fiordirosa v. Publishers Clearing House, Inc.*, No. 21-CV-6682 (PKC)(JMW), 2022 WL 3912991, at *3 (E.D.N.Y. Aug. 31, 2022) (granting a stay where "any prejudice to Plaintiffs would be short-lived in that once the Court rules on [the] motion to dismiss, discovery will either move forward, or will no longer be necessary as the ruling on the motion may reduce, if not eliminate, Plaintiffs' claims."). Accordingly, the breadth and corresponding burdens of discovery justify granting the stay.

C. **Risk of Unfair Prejudice**

There exists little to no prejudice if a stay is granted. The case is still in its nascent stages as an Initial Conference has not been held[3] and a discovery schedule has not been implemented. *See Gagliano*, 2025 WL 1104042, at *4; *Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-cv-08959 (PKC) (JMW), 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) (granting a stay where the case was "still in its early stages" considering a discovery schedule had not been entered and

---

[3] The Initial Conference set for January 27, 2026 and the parties' requirement to submit their proposed 26(f) Scheduling Order were both adjourned *sine die* pending a decision on the joint motion to stay discovery. (Electronic Order dated January 21, 2026).

9

discovery had not begun). Additionally, a stay would be only for a short period of time as a briefing schedule on Defendants' motion to dismiss was already set by Judge Choudhury. (*See* Electronic Orders dated December 31, 2025 and January 6, 2026.) Based on this briefing schedule, the motion to dismiss will be fully briefed by February 18, 2026. (Electronic Order dated January 6, 2026*.*) A stay, therefore, would be for only a limited period of time. *See Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (imposing a stay during the pendency of a motion to dismiss where briefing on the motion would be completed within one month and a stay would therefore delay commencement of discovery "for only a few months"). Moreover, this is a joint application thereby demonstrating *both* parties have expressed a desire to enter into a stay. *See Concern for Indep. Living, Inc. v. Town of Southampton, New York*, No. 24-cv-07101 (RPK) (JMW), 2025 WL 327983, at *4 (E.D.N.Y. Jan. 29, 2025) (finding little to no prejudice if discovery were stayed where "Plaintiff has consented to a stay").

## **CONCLUSION**

Considering all of the circumstances presented, good cause exists for a stay of discovery pending the outcome of Defendants' motion to dismiss. Therefore, the motion to stay (ECF No. 25) is **GRANTED** and discovery in this action is stayed pending resolution of Defendants' motion to dismiss. In the event that the motion to dismiss is denied, the parties are directed to

meet and confer and file a proposed discovery schedule within ten days of the posting of the

Court's order on the dismissal motion.

Dated: Central Islip, New York
       February 3, 2026

**S O  O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
