UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHINNECOCK INDIAN NATION, a federally recognized Indian Tribe,<br><br>          Plaintiff,<br><br>      -against-<br><br>KATHLEEN C. HOCHUL, in her official capacity as Governor of the State of New York;<br><br>LETITIA A. JAMES, in her official capacity as New York State Attorney General;<br><br>MARIE THERESE DOMINGUEZ, in her official capacity as Commissioner of the New York State Department of Transportation, and<br><br>THE HONORABLE MAUREEN T. LICCIONE, in her official capacity as Justice of the Supreme Court of the State of New York, Suffolk County,<br><br>          Defendants. | **NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br><br>Civ. No. 2:25-cv-7034 (NJC)(JMW) |

Defendant THE HONORABLE MAUREEN T. LICCIONE, *in her official capacity as Justice of the Supreme Court of the State of New York, Suffolk County*, through counsel, respectfully notifies the Court of the June 24, 2026 Decision and Order of the New York Supreme Court, Appellate Division, Second Department in the related state court action, *Commissioner of the New York State Dept. of Transp. v. Polite et al*, No. 2020-053137 (referenced in Justice Liccione's papers as the billboard action), a copy of which is attached as **Exhibit A**.

In that Order, the Second Department, among other things, granted the Trustees and commercial defendants permission to appeal its prior December 4, 2024, Order to the New York State Court of Appeals. The December 4, 2024, Order, among other things, granted Plaintiffs Commissioner of New York State Department of Transportation, et al., a preliminary injunction

1

enjoining the Trustees and commercial defendants "from constructing, operating or maintaining the subject structures" (i.e., the billboards) on land adjoining a public highway. *Commissioner of the New York State Department of Transportation v. Polite et al.*, 236 A.D.3d 82, 137, 225 N.Y.S.3d 106 (2d Dept 2024) (the "Preliminary Injunction Order"); *See* Liccione Br. (Dkt. 40-16) at 4-9 (summarizing the facts and procedural history of the billboard action); *Polite*, 236 A.D.3d at 85-89 (same).  The then-pending motion for leave to appeal (and other relief) was referenced at page 7 of Justice Liccione's memorandum of law. *See* Liccione Br. (Dkt. 40-16) at 7; *see also* Kasschau Decl. Ex. G (Dkt. 40-8) (copy of Trustees' Motion for Relief to Renew and Reargue, or in the Alternative Leave to Appeal). The Second Department's Preliminary Injunction Order has not been stayed and remains operative. The Second Department Order granting leave to appeal provides the Nation, through its Trustees, the rare opportunity to obtain interlocutory review of the Preliminary Injunction order by New York's highest court.

In this action, it appears that the primary relief the Trustees seek against Justice Liccione is to enjoin enforcement of the Second Department's Preliminary Injunction Order, including by imposing sanctions for the Trustees' non-compliance. *See* Am. Compl. (Dkt. 22) at pp. 31-32, ¶ 149; pp. 33-34, Prayer for Relief, ¶¶ B & G. The Trustees also ask the Court to "issue an injunction staying the [billboard] action" in the Supreme Court. *See id.* at p. 34, Prayer for Relief, ¶ C. As Justice Liccione showed in her motion papers, "the current restriction on the Trustees' activity arises from the preliminary injunction issued by the Second Department, which binds Justice Liccione[;] what the Nation really seeks [in the federal litigation] is an order overturning the legal determinations of state court judges – relief available only via appeal to the appropriate state appellate tribunals (and ultimately the Supreme Court)."  Liccione Br. (Dkt. 40-16) at 20.

The fact that this matter is now pending before the New York State Court of Appeals provides further support for Justice Liccione's motion to dismiss the complaint as against her as this Court should decline to interfere with the proper exercise of state court jurisdiction over these matters. Even if Justice Liccione were not absolutely immune from suit for actions taken in her judicial capacity (which she is), this Court should not enjoin or otherwise interfere with matters currently pending before the New York state courts. *See* Liccione Br. (Dkt. 40-16) at pp. 13-23; Liccione Reply (Dkt.. 42). That this action involves questions of tribal sovereign immunity does not change that equation. *See id.* To the extent the Trustees argue that Justice Liccione and the Second Department erred, their exclusive remedy is appeal to state appellate courts, including the New York State Court of Appeals, and ultimately the U.S. Supreme Court, not an injunction issued by a federal district court precluding the presiding judge from hearing the case. *See, e.g., Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).

Dated: Uniondale, New York
      July 8, 2026

Respectfully submitted,

**HARRIS BEACH MURTHA CULLINA PLLC**

By:_____
    Jared A. Kasschau
    333 Earle Ovington Blvd., Suite 901
    Uniondale, New York 11553
    (516) 880-8484
    jkasschau@harrisbeachmurtha.com

    Cynthia Cook Robertson
    333 W. Washington Street, Suite 200
    Syracuse, NY 13202
    (315) 214-2037
    crobertson@harrisbeachmurtha.com

    *Attorneys for The Honorable*
    *Maureen T. Liccione*

3